UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNNY DUNCAN                                    CIVIL ACTION

VERSUS                                           NUMBER: 08-3840

TANGIPAHOA PARISH COUNCIL, ET AL.                SECTION: "N"(5)

## REPORT AND RECOMMENDATION

Presently before the Court are two motions that were filed by plaintiff, both of which are denominated "Federal Rules of Civil Procedure Rule 58 Motion to Enter Judgment". (Rec. docs. 37, 39). This case had previously been placed on the Court's call docket as to certain of the named defendants. (Rec. docs. 21, 26).

By way of his two motions, plaintiff moves the Court to enter judgment against the following seven defendants: 1) Jerrod Jones, 2) Ricky Whigham, 3) Little League Baseball, Inc., 4) Robert Harrell, 5) Robert Landrews, 6) Roy Lee Warford, and 7) the Amite Area Recreation District #3 Board of Directors. The Court notes that the Clerk of Court previously granted plaintiff's motions for entry of default and for default judgment as to those seven defendants. (Rec. docs. 17, 18, 29, 30, 32, 35). Plaintiff attaches to his present motions not proposed judgments but orders

that are in much the same form as those which were appended to his previous motions for default judgment. (See rec. docs. 18, 30, 35).

Although plaintiff does not specify what section of Rule 58 he is proceeding under, the Court assumes for present purposes that he seeks separate document judgments under Rule 58(a) as to those defendants whom he had previously defaulted. For the reasons that follow, the Court believes that it would be inappropriate to do so at this juncture. The provisions of Rule 58 are modified by those of Rule 54(b) which provide that judgment may be entered as to fewer than all parties to an action only if the Court "... expressly determines that there is no just reason for delay." Rule 54(b) requests should not be granted routinely and are appropriate only after considering the judicial administrative interests as well as the other equities involved. Brown v. Mississippi Valley State University, 311 F.3d 328, 332 (5th Cir. 2002). Moreover, default judgments are a drastic remedy, one not favored by the Federal Rules and resorted to by courts only in extreme situations. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001). A party is thus not entitled to a default judgment as a matter of right, even where the defendant is technically in default. Id.

The default judgments that plaintiff seeks will not adjudicate the rights of all parties to this proceeding. The Court also

observes that the orders that plaintiff obtained on his previous motions for default judgment are far from final because there has been no specific assessment of damages. Hinson v. Webster Industries, 240 F.R.D. 687, 691-92 (M.D. Ala. 2007)(citing Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1267 (11th Cir. 2003) and Federal Deposit Insurance Corp. v. Francisco Investment Corp., 873 F.2d 474, 478 (1st Cir. 1989)). In addition, the orders may be subject to attack as having been unaccompanied by the affidavit required by Rule 55(b)(1). Finally, the Court notes that four of the seven defendants as to whom plaintiff now seeks judgment (i.e., Harrell, Landrews, Warford, and the Amite Area Recreation District #3 Board of Directors) have recently filed an answer to his complaint. (Rec. doc. 38). Considering the disfavor with which default judgments are viewed, those defendants should be provided with an opportunity to establish whether good cause exists to set aside the Clerk's previous orders granting plaintiff's motions for default judgment as to them.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's Rule 58 motions to enter judgment be denied.[1]

---

[1] In making this recommendation, the Court has duly considered "Plaintiff's Objection to Defendant Amite Area Recreation District Number Three (3) Board of Directors' Answer." (Rec. doc. 40).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __3rd__ day of _____February_____, 2009.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE