UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNNY DUNCAN                               CIVIL ACTION

VERSUS                                      NUMBER: 08-3840

TANGIPAHOA PARISH COUNCIL, ET AL.           SECTION: "N"(5)

**REPORT AND RECOMMENDATION**

Presently before the Court is the motion for relief from default judgments of defendants, Jerrol Jones, Ricky Whigham, Roy Lee Warford, Robert Harrell, Robert Landrews, and the Tangipahoa Parish Recreation District #3 Board of Directors (erroneously referred to as the Amite Area Recreation District #3 Board of Directors)(the "moving defendants"). (Rec. doc. 41). Also before the Court is plaintiff's opposition to the motion. (Rec. doc. 50). For the reasons that follow, it is recommended that the moving defendant's motion be granted.

Plaintiff previously filed motions for entry of default and for default judgments against the moving defendants which were

granted by the Clerk of Court in September and October of 2008 and in January of 2009. (Rec. docs. 17, 18, 29, 30, 32, 35). Four of the six moving defendants (i.e., Warford, Harrell, Landrews, and the Board of Directors) have since filed an answer to plaintiff's complaint. (Rec. doc. 38).

As was noted in the Court's previous Report and Recommendation, default judgments are a drastic remedy, one not favored by the Federal Rules of Civil Procedure and resorted to only in extreme situations. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001)(quoting Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n., 874 F.2d 274, 276 (5th Cir. 1989)). A party is thus not entitled to a default judgment as a matter of right, even where the defendant is technically in default. Id. (quoting Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996)). This is particularly true where the default judgment is sought solely on the basis that the defendant failed to meet a procedural time requirement. Lacy v. Sitel Corp., 227 F.3d 290, 291 (5th Cir. 2000). Absent any intervening equities, any doubt should generally be resolved in favor of the defendant and the setting of a trial on the merits. Id.

Rule 55(b) of the Federal Rules of Civil Procedure provides two means by which a plaintiff obtain the entry of a default judgment. The plaintiff may apply to the Clerk of Court for the

entry of a default judgment when the defendant has defaulted by failing to appear, the defendant is not an infant or incompetent person, and the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation. Rule 55(b)(1), Fed.R.Civ.Pro. A sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note. See, e.g., U.S. v. Giles, 538 F.Supp.2d 990 (W.D. Tex. 2008). "Mere statements of award values without any indication of how those amounts were reached cannot rise to the level of an amount liquidated or capable of mathematical calculation." Richardson v. Salvation Army, 161 F.3d 7, 1998 WL 723820 at *1 (5th Cir. 1998)(table). In all other cases, the party seeking a judgment of default must apply to the court, Rule 55(b)(2), and a hearing must be held unless the amount claimed is a liquidated sum or one capable of mathematical calculation. United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979).

The orders that plaintiff obtained on his previous motions for default judgment are not final because there has been no specific assessment of damages. Hinson v. Webster Industries, 240 F.R.D. 687, 691-92 (M.D. Ala. 2007). The motions themselves were not

accompanied by the affidavit required by Rule 55(b)(1)[1]/ nor could they be given that the plaintiff seeks damages sounding in the nature of defamation and invasion of privacy rather then some easily determinable and quantifiable sum.  For this reason alone, the default judgments in this case were improvidently entered and should be set aside.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the moving defendants' motion for relief from default judgments be granted and that the default judgments in question be set aside. (Rec. docs. 18, 30, 35).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v.

---

[1]/ Rule 55(b)(1) provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."

<u>United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  11th  day of _____March_____, 2009.

                                                    _____
                                                    ALMA L. CHASEZ
                                      UNITED STATES MAGISTRATE JUDGE