UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNNY DUNCAN                                CIVIL ACTION

VERSUS                                       NUMBER: 08-3840

TANGIPAHOA PARISH COUNCIL, ET AL.            SECTION: "N"(5)


**ORDER**

    Presently before the Court is plaintiff's motion to vacate the Court's order of October 26, 2009 which granted as unopposed the motion to compel filed by the Tangipahoa Parish Council ("TPC"). (Rec. doc. 86).

    The TPC electronically filed its motion to compel on October 12, 2009, which was admittedly a legal holiday (i.e., Columbus Day), noticing same for hearing on October 28, 2009. (Rec. doc. 79). Notwithstanding the certificate of service affixed to the TPC's motion which states that a copy of the motion was forwarded to plaintiff, presumably via first class mail, on the date that it was filed, plaintiff indicates that he did not receive a copy of the motion until October 16, 2009. (Rec. doc. 86, p. 2). On

October 26, 2009, having received no opposition to the TPC's motion, the Court granted it as unopposed and ordered plaintiff to provide TPC with his Rule 26(a) initial disclosures and formal responses to the TPC's outstanding discovery requests by November 13, 2009.[1]/ (Rec. doc. 83). By way of his present motion, plaintiff alleges that the Court's order of October 26, 2009 is "premature" in that it narrowed the time for him to respond to the TPC's motion to compel to nine (9) days.

Local Rule 7.2E provides that motions must be filed no later than the fifteenth day preceding the noticed hearing date and that at least fifteen days of actual notice of the hearing date must be given to the moving party's opponent. Local Rule 7.5E further provides that oppositions to motions shall be filed no later than the eighth calendar day prior to the noticed hearing date. Reading the foregoing two rules in tandem, a party is thus typically allowed seven days after receiving a motion to file an opposition memorandum to the motion.

Plaintiff admits that he received a copy of the TPC's motion to compel on October 16, 2009. The Court did not rule on the

---

[1]/ The Court had previously, on August 14, 2009, ordered the parties to participate in a Rule 26(f) discovery conference by August 21, 2009 and to formally respond or object to all outstanding discovery requests within fourteen days of the Rule 26(f) conference. (Rec. doc. 75). The TPC's motion to compel represents that it had received no initial disclosures or formal responses to its outstanding discovery requests by the date that it filed its motion to compel on October 12, 2009.

motion until October 26, 2009, ten days after plaintiff received it even if October 16, 2009 were excluded. Plaintiff was thus afforded three additional days beyond what the Local Rules would ordinarily allow to submit any opposition he had to the TPC's motion although it is difficult to imagine what that might be given his apparent failure to submit any formal response to the TPC's outstanding discovery requests despite the Court's previous order. See note 1, supra. Accordingly, plaintiff's motion to vacate is hereby denied. As an accommodation to plaintiff, however, the Court hereby extends the time for him to provide Rule 26(a) disclosures to the TPC and to provide formal responses to the TPC's outstanding discovery requests until November 27, 2009.

New Orleans, Louisiana, this 10th day of November, 2009.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE