UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNNY DUNCAN                                    CIVIL ACTION

VERSUS                                           NUMBER: 08-3840

TANGIPAHOA PARISH COUNCIL, ET AL.                SECTION: "N"(5)


**REPORT AND RECOMMENDATION**


Presently before the Court is the motion for contempt and dismissal of defendant, the Tangipahoa Parish Council ("TPC"). (Rec. doc. 92). Plaintiff has filed no opposition to defendant's motion nor did he make himself available to participate in oral argument on the motion as ordered by the Court and scheduled for March 10, 2010 at 11:00 a.m. (Rec. doc. 93, ___). For the reasons that follow, it is recommended that defendant's motion be granted and that plaintiff's claims against it be dismissed.

For present purposes suffice it to say that the TPC propounded written discovery requests upon plaintiff on April 22, 2009. (Rec. doc. 92, exs. A, B). After plaintiff failed to respond to the discovery requests within the delays allowed by law and the parties were unable to resolve their differences in a Local Rule 37.1E conference, TPC filed its first motion to compel on July 13, 2009.

(Rec. doc. 68). Shortly thereafter, plaintiff filed his own motion to convene a Rule 26(f) conference and the Court scheduled a status conference on both motions for August 14, 2009. (Rec. docs. 74, 70). At that conference, the Court ordered the parties to participate in a Rule 26(f) conference by August 21, 2009 with all outstanding discovery to be objected to within ten days of the conference or answered within fourteen days of the conference. (Rec. doc. 75).

Despite having participated in the Rule 26(f) conference as directed, plaintiff thereafter failed to object to or answer TPC's discovery requests within the deadlines set forth by the Court. That prompted TPC to file its second motion to compel on October 12, 2009 in which it reported that, not only had plaintiff failed to object or to respond to its outstanding discovery requests as was ordered by the Court, but that he had additionally failed to provide TPC with his Rule 26(a) initial disclosures. (Rec. doc. 79). Plaintiff did file formal objections to TPC's initial disclosures on October 19, 2009 but he filed no opposition to TPC's second motion to compel. (Rec. doc. 81). Accordingly, on October 26, 2009, the Court granted TPC's second motion to compel as unopposed and ordered plaintiff to respond to defendant's outstanding discovery requests and to provide defendant with his initial disclosures by November 13, 2009, absent which a Report and

2

Recommendation would be issued recommending that his lawsuit be dismissed. (Rec. doc. 83). Plaintiff filed a motion to vacate the foregoing order on November 2, 2009 which the Court subsequently denied but did extend the deadline for compliance until November 27, 2009. (Rec. docs. 86, 87).

On December 11, 2009, plaintiff served TPC with answers to its interrogatories, which answers were largely evasive and incomplete. (Rec. doc. 92, ex. C). No responses to TPC's document requests were forthcoming from plaintiff. Counsel for TPC then scheduled a Local Rule 37.1E conference via telephone for February 11, 2010 at 10:30 a.m. but counsel's efforts to reach plaintiff at the designated date and time were unsuccessful. (Rec. doc. 92, p. 3 and ex. D). TPC thus filed the present motion on February 18, 2010 and oral argument on the motion, via telephone, was scheduled for March 10, 2010 at 11:00 a.m. (Rec. doc. 92, 93). Once again, plaintiff filed no opposition to defendant's motion. That failure notwithstanding, the Court nevertheless attempted to contact plaintiff at his telephone number of record on the designated date and time to afford him one final opportunity to explain his discovery failures. (Rec. doc. ____). Those efforts proved to be unavailing. (Id.). The instant Report and Recommendation follows.

Rule 37(b)(2)(A) and (d) of the Federal Rules of Civil Procedure allows a district court to dismiss a lawsuit with

prejudice when a party fails to appear for a properly noticed deposition or fails to comply with a discovery order. <u>Batson v. Neal Spelce Associates, Inc.</u>, 765 F.2d 511, 514-17 (5th Cir. 1985); <u>Kabbe v. Rotan Mosle, Inc.</u>, 752 F.2d 1083, 1084-85 (5th Cir. 1985). Dismissal with prejudice being a severe sanction, its use is appropriate only where the refusal to comply results from willfulness or bad faith and is accompanied by a record of delay or contumacious conduct. <u>Coane v. Ferrara Pan Candy Company</u>, 898 F.2d 1030, 1032 (5th Cir. 1990). In addition, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. <u>Lopez v. Aransas County Independent School District</u>, 570 F.2d 541 (5th Cir. 1978).

As noted above, despite having been ordered by the Court to do so on several occasions, even under the threat of dismissal, plaintiff has still failed to fully respond to the discovery requests propounded by TPC on April 22, 2009 and has failed to provide TPC with his initial disclosures. Plaintiff also failed to file a memorandum in opposition to TPC's present motion nor did he make himself available to participate in telephonic oral argument on the motion on March 10, 2010. The Court must therefor assume that plaintiff has no further interest in pursuing his claims against TPC. As plaintiff is proceeding <u>pro</u> <u>se</u> in this matter,

4

these failures are attributable to him alone.

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's claims against defendant, the Tangipahoa Parish Council, be dismissed with prejudice pursuant to Rules 37(b)(2)(A) and 41(b) of the Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this __10th__ day of ____March____, 2010.

*[signature: Alma L. Chasez]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDG