UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUNCAN | CIVIL ACTION |
| VERSUS | NO. 08-3840 |
| TANGIPAHOA PARISH COUNCIL, ET AL. | SECTION "N" (5) |

## ORDER AND REASONS

Presently before the Court are cross-motions for summary judgment filed by the remaining defendants and the plaintiff (Rec. Docs. 102, 103, 105 and 114). The Court rules on these motions as stated herein.

## ANALYSIS

### I. Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to

summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

II. <u>**Application**</u>

  A. <u>**Little League Baseball, Inc.**</u>

At all relevant times, Plaintiff, Johnny Duncan, was the president of the Reginald Allen Cotton Dixie Youth Baseball league ("RAC"). In this action, Plaintiff asserts that Defendant Little League Baseball, Inc. ("LLBI") and other named defendants violated, or conspired to violate, his civil rights by disseminating allegedly defamatory information and written materials regarding his performance as RAC president, his criminal history, and his personal health status. According to Plaintiff, the defendants who personally spread this information did so in hopes of luring youth baseball players away from RAC and into the newly created Amite Little League. Finally, Plaintiff

3

maintains that the disseminated material injured his "good name and reputation" and "hinder[ed] the operation of" RAC.

With respect to Defendant LLBI, in particular, Plaintiff asserts that certain of the individual co-defendants "act[ed] … on authority and/or power derived by their affiliation with [LLBI]." Plaintiff thus contends that LLBI is responsible for these co-defendants' actions under the doctrine of *respondeat superior*. Additionally, Plaintiff contends that LLBI conspired with its co-defendants to defame Plaintiff, and that it "consummated its role in the conspiracy" by: (1) approving Amite Little League's application to become a charter participant in the international youth baseball program that LLBI organizes; and (2) allowing RAC players to participate in Amite Little League games (allegedly in violation of RAC and Dixie Youth Baseball rules and regulations).

Having carefully reviewed the parties' summary judgment submissions regarding Plaintiff's claims against LLBI, the Court finds LLBI's motion to have merit. Specifically, as detailed in LLBI's memorandum, there is no evidence tending to suggest that LLBI and its charter participant, the Amite Little League, are anything other than separate entities, or that, during the relevant time, LLBI exercised any control over the Amite Little League's daily operations and the manner in which those operations are performed. Nor is there any evidence that any employer, officer, or other representative of LLBI ever discussed Plaintiff with the other named defendants, or entered into any plan or agreement to defame Plaintiff, to speak of him publicly, or to deny him access to any property or facility owned, leased, or operated by LLBI. Accordingly, for these reasons, **IT IS ORDERED** that LLBI's motion for summary judgment (Rec. Doc. 102) is **GRANTED**, and that all of Plaintiff's federal and state law claims against it are **DISMISSED**

4

**WITH PREJUDICE**. **IT IS FURTHER ORDERED** that Plaintiff's cross-motion for summary judgment (Rec. Doc. 103) is **DENIED**.

### B. Other Remaining Defendants

On April 1, 2010, Plaintiff's claims against Defendant Tangipahoa Parish Council ("TPC") were dismissed with prejudice. *See* Rec. Doc. 97. Now, the remaining defendants – Tangipahoa Parish Recreation District No. 3 ("TPRD"), Rodney Mobley, Robert Harrell, Roy Lee Warford, Eve Wilson and Robert Landrews (individually and in their official capacities as members of the Board of Directors of TPRD), Gordon Burgess (individually and in his official capacity as Tangipahoa Parish President), Tom Tolar, Tennis Rick, Michael Petitto, Carlo Bruno, Howard "Buddy" Ridgel, Ronnie Bankston, Lionel Wells, Carlos Notariano, Debbie Edwards and Bobby Cortez (individually and in their official capacities as TPC members), and Jerrol Jones and Ricky Whigham – seek summary judgment and dismissal of Plaintiff's federal and state law claims against them. Plaintiff, in turns, seeks summary judgment against these defendants in his favor.

Although Plaintiff has named numerous defendants in this action, his claims primarily focus on actions allegedly taken by five individuals – Roy Lee Warford, Robert Landrews, Robert Harrell, Jerroll Jones, and Ricky Whigham – at a July 18, 2007 meeting of the RAC at Butler's Park in Amite, Louisiana, and thereafter. Plaintiff alleges, and the Court assumes for purposes of the parties' motions, that Defendants Warford, Landrews, and Harrell were, at all relevant time, members of the Board of Directors of the TPRD.[1]

---

[1] The parties' submissions reflect a dispute as to the date that Warford became a board member.

Given these premises, the Court finds that dismissal of <u>all</u> claims asserted against the parish president, Gordon Burgess, the TPC members, the TPRD, and TPRD board members Mobley and Wilson to be appropriate. Specifically, the Court agrees that Plaintiff has <u>not</u> demonstrated a triable issue exists with respect to these defendants' legal responsibility relative to the alleged wrongful actions taken by Defendants Warford, Landrews, Harrell, Jones, and Whigham.

First, for purposes of this dispute, the Court finds, on the showing made, that the TPRD is an agency of the State of Louisiana, <u>not</u> Tangipahoa Parish. *See* La. R.S. 33:4562, *et seq*. Nor is there any evidence suggesting that Parish President Burgess, the TPC, or any of the TPC members otherwise acted so as to render these five defendants[2] their agents or servants (for purposes of *respondeat superior* liability) relative to the factual incidents forming the premise of Plaintiff's claims. Similarly, there is no evidence that Parish President Burgess, the TPC, the TPC members, or TPRD board members Mobley and Wilson joined in any unlawful conspiracy with Warford, Landrews, Harrell, Jones, and/or Whigham relative to the factual incidents forming the premise of Plaintiff's claims.[3]

Finally, the Court is not convinced that a triable issue exists regarding Plaintiff's assertion that the presence and alleged actions of Warford, Landrews, and Harrell at and following the July 18, 2007 RAC meeting constituted a meeting of, and official action by, the TPRD. As an initial matter, there is no evidence suggesting that an official "meeting" occurred for purposes of Louisiana Revised Statutes 42:4.2(A) and (B). Indeed, no evidence has been presented that Board

---

[2] These five defendants are Warford, Landrews, Harrell, Jones, and Whigham.

[3] On the showing made, the mere fact that Council Member Petitto and the other TPC members appointed the members of the Board of the TPRD is insufficient to impose any legal liability for the complained of actions of Warford, Landrews, Harrell, Jones, and/or Whigham.

Members Mobley and Wilson were aware of any intended deliberation or action by the TPRD at the July 18, 2007 RAC meeting. Nor is it apparent that Warford, Landrews, and Harrell arguably "held themselves out" as TPRD members with respect to any of the alleged conduct about which Plaintiff complains. In short, in opposing summary judgment, Plaintiff has not pointed to any evidence creating a genuine issue as to whether the alleged actions of Warford, Landrews, and Harrell constituted anything other than merely the personal conduct of disgruntled (present or former) RAC participants.

Turning to Defendants Warford, Landrews, Harrell, Jones, and Whigham, Plaintiff purports to assert federal claims under the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, the American with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, the Civil Rights Act of 1866, and 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 1988. Unfortunately, neither the defendants nor Plaintiff offers a particularly helpful analysis of these claims. Indeed, the basis of the Plaintiff's invocation of the Fifth and Ninth Amendments is entirely unclear to the Court. As for the ADA, the Court concludes, essentially for the reasons stated relative to the claims against the parish president, the TPC members, and the TPRD, that no triable issue exists as to any actionable exclusion, denial, or discrimination against Plaintiff by a public entity or place of public accommodation based on a covered disability.

The same is true with respect to the Fourteenth Amendment and the other federal statutory claims referenced by Plaintiff. There simply is no evidence that Plaintiff suffered legally adverse action because of his race. Nor is it apparent, as previously explained, that Defendants Warford, Landrews, and Harrell arguably acted "under color of state law" when allegedly participating in the conduct about which Plaintiff complains. Finally, even if Plaintiff has a triable

7

state law tort claim for defamation and/or invasion of privacy against one or more of these defendants, he has not borne his summary judgment burden relative to demonstrating that such conduct likewise constitutes the requisite "stigma plus infringement" of a liberty or property interest recognized by state law. *See e.g., Thinkstream v. Adams,* No. 06-30922, 251 Fed. Appx. 282, 284 (5th Cir. 2007)(unpub.)(recovery under 42 U.S.C. §1983 allowed for defamation by governmental actor that removes or *significantly* alters a life, liberty, or property interest protected by state law, including the freedom to operate a legitimate business, but not for mere loss of future employment opportunities or an isolated contract), *cert. denied.*, 553 U.S. 1050 (2008) (citing *Zee v. Reno*, 73 F.3d 1365, 1369 (5th Cir. 1996)); *see also Texas v. Thompson*, 70 F.3d 390, 393-93 (5th Cir. 1995)(summary calendar). As such, Plaintiff demonstrates no viable claim under federal law.

For the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment filed by all remaining defendants other than LLBI (Rec. Doc. 105) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, all of the claims that Plaintiff has asserted against Tangipahoa Recreational District No. 3 ("TPRD"), Gordon Burgess (individually and in his official capacity as Tangipahoa Parish President), Tom Tolar, Tennis Rick, Michael Petitto, Carlo Bruno, Howard "Buddy" Ridgel, Ronnie Bankston, Lionel Wells, Carlos Notariano, Debbie Edwards and Bobby Cortez (individually and in their official capacities as TPC members) are **DISMISSED WITH PREJUDICE**.

With respect to Plaintiff's claims against Defendants Roy Lee Warford, Robert Landrews, Robert Harrell, Jerrol Jones and Ricky Whigham, all claims asserted under federal law are **DISMISSED WITH PREJUDICE**. With respect to Plaintiff's claims against Defendants Roy Lee Warford, Robert Landrews, Robert Harrell, Jerrol Jones and Ricky Whigham, and only these

8

defendants, all of the claims asserted under state law are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. §§1367(c)(3) and (d).[4] Finally, **IT IS FURTHER ORDERED** that, with respect to all defendants, Plaintiff's cross-motion for summary judgment (Rec. Doc. 114) is **DENIED**.

New Orleans, Louisiana, this 9th day of July 2010.

                                          _____
                                          KURT D. ENGELHARDT
                                          UNITED STATES DISTRICT JUDGE

---

[4] These sub-sections of 28 U.S.C. §1367 provide, in pertinent part:

  (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

    (3) the district court has dismissed all claims over which it has original jurisdiction[.]

  (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.